IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GREGORY DAVIS,

Plaintiff,

v.

SGT. WALDERA, CORRECTIONAL OFFICER MEYERS, CORRECTIONAL OFFICER STUCKMAN, C.O. TRACY MARTIN, and MICHAEL OR TRAE SANDERS,

Defendants.

OPINION and ORDER

25-cv-528-jdp

---

Plaintiff Gregory Davis, proceeding without counsel, alleges that prison staff used excessive force against him and then forced him to stand in a shower despite knowing that he was authorized to use a shower chair for medical reasons, leading to Davis falling in the shower and being injured. I granted Davis leave to proceed on claims under the First and Eighth Amendments to the United States Constitution.

Defendants move for partial summary judgment, contending that Davis failed to exhaust administrative remedies for his Eighth Amendment claims about being denied a shower chair. I will grant that motion and dismiss that set of claims.

## ANALYSIS

The Prison Litigation Reform Act (PLRA) requires inmates to exhaust all available administrative remedies before filing a lawsuit in federal court about "prison conditions." 42 U.S.C. § 1997e(a). To comply with § 1997e(a), a prisoner must take each step in the administrative process, *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing an initial grievance, *Cannon v. Washington*, 418 F.3d

714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require," *Pozo*, 286 F.3d at 1025. Failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proven by defendants. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).

Davis proceeds on claims that defendants Sergeant Waldera and Correctional Officers Meyers and Stuckman took him to a shower following a strip search in which pepper spray was used against him. Davis told them that he was having problems breathing, that he was dizzy, and that he had a medical restriction for the use of a shower chair because of a history of falling in the shower from vertigo. Defendants refused to allow him to use a shower chair. While in the shower, Davis fell and was injured.

Defendants contend that Davis failed to exhaust his administrative remedies on the Eighth Amendment claims about the denial of a shower chair. They submit Davis's grievance history and numerous grievances that he filed in the month following the incident. *See* attachments to Dkt. 51. Many of these were returned to Davis or rejected for various procedural problems, like failing to attempt informal resolution first, raising too many issues in one grievance, or filing the grievances beyond the deadline for doing so. Moreover, none of the grievances mentioned the denial of a shower chair; instead they mentioned officers' excessive force, the failure to give him adequate medical care afterward, or other issues. So none of these grievances exhausted his Eighth Amendment claims about the denial of a shower chair. *See Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002) ("prisoner must alert[] the prison to the nature of the wrong for which redress is sought.").

In his opposition briefs, Dkt. 52 and Dkt. 53, Davis argues that the grievance system wasn't truly available to him because he has a low IQ and was being held in segregation away from the other inmates who would ordinarily assist him with filing grievances. But Davis doesn't support his assertions regarding his mental acuity with any evidence, and the grievances already in the record show that he was capable of submitting grievances about the incident at issue. Regardless his ability to navigate the DOC's ICRS procedures, the main problem he faces here is that he didn't complain about the denial of a shower chair even as he repeatedly complained about other aspects of the events. In short, even if Davis had gotten assistance in navigating the grievance process, he didn't file any initial grievances about the denial of the shower chair. So there's no reason to think that he would have exhausted those claims even if he had assistance from other prisoners. I will grant defendants' motion for partial summary judgment and dismiss his claims about denial of a shower chair. That dismissal will be without prejudice. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). Because those are the only claims against defendants Waldera, Meyers, and Stuckman, I will dismiss them from the case.

The parties have filed additional motions. Defendants move to stay the dispositive motions deadline pending a ruling on their exhaustion motion. Dkt. 57 and Dkt. 59. I will grant those motions and extend the dispositive motions deadline in the order below.

Davis moves for all video footage of the incident to be entered into evidence. Dkt. 55. I will deny that motion because it is the parties' responsibility to submit the evidence supporting or opposing each claim. Davis should be using discovery requests to review the footage and decide what portions are relevant to his claims. Because it is likely that Davis will not be allowed physical copies of the videos, I will direct defendants to submit to the court any footage that Davis cites in a summary judgment filing or his exhibit list.

ORDER

IT IS ORDERED that:

1. Defendants' motion for partial summary judgment, Dkt. 49, is GRANTED. Plaintiff's Eighth Amendment claims regarding denial of a shower chair are DISMISSED without prejudice.

2. Defendants Waldera, Meyers, and Stuckman are DISMISSED from the case.

3. Defendants' motions to amend the schedule, Dkt. 57 and Dkt. 59, are GRANTED. The new dispositive motions deadline is January 4, 2027.

4. Plaintiff's motion to place video evidence in the record, Dkt. 55, is DENIED.

Entered November 17, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge